———o———

WILLIAM N. R. Beall, Respondent, vs. JAMES E. JANUARY, Appellant.

1. *Practice, civil—Pleadings—Answer—Notes, defenses against—Agents' disobedience, ratification of.*—Where a party orders his agent at specified dates to make sales for him, and receives an account of sales from him, and subse-

quently gives the agent notes for the balance due on such sales, with full knowledge that his instructions had been disobeyed, he cannot, in a suit on such notes by the agent, urge as a defense thereto that his instructions were disobeyed and he was damaged thereby, and that the notes were without consideration.

2. *Practice, civil–Pleadings–Answer–Notes–False representations.*—In a suit on a note by the payee, the maker alleged that he employed the payee to make sales for him, directing him to sell when the market price would yield a profit to the maker; that the payee falsely and fraudulently represented that he had sold the goods to the best advantage, but still at a loss, and the maker relying on said representations, had made the notes to cover the loss to the payee; that in fact the representations were false, and that the goods could have been sold at a profit, and that the notes were without consideration, *held*, that this was a good defense.

3. *Practice, civil—Pleadings—Alternative defenses.*—When matter in defense is pleaded in the alternative, each alternative must, by itself, if true, constitute a defense; otherwise the plea will be bad.

## Appeal from Carroll Circuit Court.

*Hale & Eads*, for Appellant, cited Pomeroy vs. Benton, 57 Mo., 531; Wannell vs. Kem, 57 Mo., 478; Brown vs. Worth, 21 Mo., 528; City Bk. of Columbus vs. Phillips, 22 Mo., 85; Stevens vs. Spears, 25 Mo., 386; Young vs. White, 18 Mo., 98; Sto. Eq. [5 ed.], § 523, and cases cited.

*L. H. Waters*, for Respondent.

I. Where there has been an accounting between the parties, and a bill or note given in settlement of the amount found due, in an action upon such bill or note the defendant cannot impeach the charges contained in the account thus settled. (Chit. Cont., 9 Am. ed., 670.) And such an adjustment is a bar to all discovery and relief, unless some matter is shown by which the account is in truth vitiated. (Sto. Eq. Jur., 523; Drew vs. Power, 1 Schoales & Lefr., 192; Sto. Eq. Pl., 797–800; Taylor vs. Haylin, 2 Brown Ch. R., 311; Perkins vs. Hart's Adm'r, 11 Wheat., 237; 1 Ves., 317; Sherburne vs. Inchiquin, 1 Brown Ch. R., 238; Fuller vs. Crittenden, 9 Conn., 406; Martin vs. Beckwith, 4 Wis., 219; Goodwin vs. U. S. An. Life Ins. Co., 24 Conn., 591; 1 Sto. Eq. Jur., § 527; Draper vs. Owsley, 15 Mo., 516; Pomeroy vs. Benton, 57

Mo., 531; Stackpole vs. Arnold, 11 Mass., 32; Livingston vs. Dugan, 20 Mo., 102; Stephens vs. Spiers, 25 Mo., 386, Dawson vs. Remnant, 6 Esp., 24; Knox vs. Whalley, 1 Esp., 160.)

*Ray & Ray*, for Respondent.

HOUGH, Judge, delivered the opinion of the court.

The plaintiff, as payee, brought suit upon four promissory notes executed and delivered to him by the defendant.

The defendant in his answer admitted the execution and delivery of the notes sued on, but averred that they were obtained by fraud, and were wholly without consideration, and also set up a counter-claim.

It appears from the answer, which is somewhat involved and obscure, that in the month of October, 1872, the defendant, who resided at Carrollton, Missouri, engaged the plaintiff, who was a commission merchant in the city of St. Louis, to purchase, hold, and sell for him when ordered, a large quantity of dried fruit. In January, 1873, he also engaged plaintiff to purchase, hold, and sell for him when ordered, a large quantity of flour. In pursuance of his employment, the plaintiff, at various times in the months of November and December, 1872, purchased a large quantity of dried fruit, and in the latter part of January, or the early part of February, 1873, plaintiff purchased six hundred barrels of flour, and notified the defendant thereof. It further appears, that in December, 1872, and in January, 1873, the defendant ordered and directed the plaintiff to sell the fruit, which he represented that he had purchased, whenever a profit could be made thereon, and that in February, 1873, he ordered and directed the plaintiff to sell the flour reported to have been purchased, "whenever the same could be sold so as to bring defendant out even on said flour."

About the 8th of September, 1873, the plaintiff sent to the defendant at Carrollton an account of sales of said fruit and flour, giving the cost thereof, the prices for which they were sold, and the dates of said sales, from which account it ap-

peared that the six hundred barrels of flour were sold at various times during the- months of June, July, August and September,1873, and that one hundred and sixty-two sacks of fruit were sold sometime in December, 1872, and nine hundred and one sacks during the months of May and June, 1873. It was then averred, "that afterwards, to-wit: about the 28th day of October, 1873, the plaintiff came to the defendant, in the town of Carrollton, and presented to him the statements of said transactions, as contained in said exhibits, and claimed and represented to this defendant, that he had bought said fruit and flour under, or by virtue of, said arrangements with defendant, as aforesaid; that he had used due care, diligence and skill in the purchase, handling and sale of said articles; that he had obtained the best prices therefor that could have been obtained under the orders and directions of defendant, and according to his best skill and ability; that defendant having no personal information as to the facts of the said transactions, except from the statements and representations of plaintiff, as aforesaid; and relying on the truth and fairness of said statements and representations, executed and delivered to plaintiff the four several notes sued on in this cause, making, in the aggregate, the said sum of $2,154.28, the sum claimed by plaintiff, as aforesaid, which facts and transactions were and are the sole and only consideration of and for said several notes; and they were each and all executed and given under these circumstances. And defendant alleges and charges, that said statements and representations of plaintiff, as contained in said accounts above referred to, and said statements and representations so made by plaintiff to defendant at the date of the execution of said notes, were false and fraudulent, and made with the intent to deceive this defendant, and to obtain the said notes, in this; that said flour was not sold by plaintiff, when he was ordered to do so as aforesaid by defendant, when it could have been sold without loss to defendant; that the same could have been sold in the latter part of February 1873, or during the month of March, 1873, for a profit of at least ten per cent. on

the purchase, and that said fruit, if plaintiff had in fact pur-
chased the amount and kind represented, of which this de-
fendant is wholly ignorant, except from said statements of
plaintiff as aforesaid, if sold at or about the time plaintiff
claims in said accounts and statements to have sold said one
hundred and sixty-two sacks, in December, 1872, or at any
time during the months of January, February, March or April,
1873, would and could have been sold, on the market in St.
Louis, for an amount sufficient to have paid to this defend-
ant a profit of at least ten per cent. on the amount of said
purchase, which is represented in said statements and ac-
counts to be one thousand and sixty-two sacks, at an aggre-
gate price of $3,109.07. But as to whether plaintiff in fact
purchased the full amount as alleged, or as to whether he in
fact purchased more than about five hundred sacks of such
fruit, this defendant has no knowledge or information suffi-
cient to form a belief, as to which allegation is true : but he
alleges and charges, that one or other of said allegations is
true—that is, that he purchased the full amount as repre-
sented, and failed to sell the same for the best price that
could have been obtained, as above charged, or that he only
purchased about five hundred sacks, as above stated, and
failed to sell the same when ordered, for the best prices
which could be obtained, as aforesaid—and in either event
defendant charges, that said statements and representations
were false and fraudulent, and that said notes, and each of
them, are wholly without consideration, and plaintiff ought
not to have and recover of this defendant any sum what-
ever."

The court refused to permit the defendant to introduce
any evidence under his answer, on the ground that the facts
stated therein constituted no defense to the notes. The de-
fendant refused to amend ; final judgment was rendered for
the plaintiff, and the defendant has appealed.

It is contended by the plaintiff, that as it appeared from
the answer that the defendant had the account of sales in his
possession from about the 8th of September, 1873, until the

28th of October, 1873, when the notes were given, and therefore knew precisely when, and for what prices, the fruit and flour sold, and with such knowledge gave the notes in suit, that he is concluded by the settlement so made.

The counsel for the plaintiff do not seem to apprehend what we conceive to be the gist of the defense. It will be observed, on inspection of the answer, that the defendant does not allege that he ordered or directed the plaintiff to sell the fruit or flour on any specified day or date. If such were the allegation, and that were all, and the defendant had, with full knowledge that his instructions had been disobeyed, ratified the act of his agent by giving his notes for the balance found to be due from him on such sales, most certainly he could not afterwards be heard to complain, when sued on the notes, that his instructions had been disregarded, that he had been damaged thereby, and that his notes were without consideration. The case presented by the answer, as we understand it, is an entirely different one.

It is substantially averred, that the plaintiff was to sell the fruit whenever he could do so at an advance, and the flour whenever he could do so without loss; that when the account of sales was presented to the defendant, and before the notes were given, the plaintiff represented to him that there was no time, prior to the times at which he did sell, when he could have obtained better prices than it appeared from the account of sales he did obtain; that such representations were false; that during the whole of the month of March, and the latter part of February, 1873, the flour could have been sold at an advance of ten per cent. and that at one time in December, 1872, and at any time in the months of January, February, March and April, 1873, the fruit could have been sold at an advance of ten per cent also; that at the time the notes were given the defendant had no knowledge of these facts, and relied on the representations of his agent, the plaintiff, and that the said representations of the plaintiff were false and fraudulent, and were made with the intent to deceive said defendant, and to obtain the notes in suit.

There can be no question, we think, but that these facts, if true, constitute a defense to the notes. There is no occasion to remark, as the case now stands, upon the good faith which will discharge a commission merchant, who, in the exercise of ordinary diligence and discretion, makes sales for others which result in loss.

That portion of the answer, in which defendant attempted to charge that the statement rendered by the plaintiff of the amount of fruit purchased was false and fraudulent, was not well pleaded. It alleges that the defendant had no knowledge or information sufficient to form a belief, as to whether the plaintiff in fact purchased the quantity which he reported he had purchased, viz: one thousand and sixty-two sacks, or whether he only purchased five hundred sacks; but it is averred that one or the other was true.

When a party defendant pleads matter in defense in the alternative, each of the alternatives must, by itself, if true, constitute a defense; otherwise the plea will be bad.

As the counter-claim was based on the loss alleged to have been suffered by the failure of the plaintiff to perform his duty in the premises, it will not be necessary to notice it.

We are of the opinion that the court erred in refusing to permit the defendant to introduce any testimony to support his answer, and the judgment will therefore be reversed and the cause remanded. Judges Napton and Sherwood concur; Judges Wagner and Vories absent.